13-986
Yang-Jiang v. Holder

BIA
A099 539 084

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand fourteen.

PRESENT:
        PIERRE N. LEVAL,
        GUIDO CALABRESI,
        JOSÉ A. CABRANES,
            *Circuit Judges*.
_____

ZHONG YI YANG-JIANG, AKA ZHONG YI YANG,
        *Petitioner*,

        v.                                        13-986
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent*.
_____

FOR PETITIONER:         Eric Y. Zheng, New York, New York.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zhong Yi Yang-Jiang, a native and citizen of the People's Republic of China, seeks review of the February 27, 2013, decision of the BIA denying his motion to reopen. *In re Zhong Yi Yang-Jiang*, No. A099 539 084 (B.I.A. Feb. 27, 2013). We assume the parties' familiarity with the underlying facts and procedural history of the case. Because Yang-Jiang does not challenge the denial of *sua sponte* reopening, we address only the denial of statutory reopening.

The BIA's denial of Yang-Jiang's motion to reopen as untimely was not an abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam) (reviewing denial of reopening for abuse of discretion). An alien may file one motion to reopen, generally no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Yang-Jiang's 2012

2

motion was untimely, because his final administrative order was issued in 2008. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time limitation does not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). But, as the BIA concluded, Yang-Jiang failed to establish changed circumstances for members of unregistered churches in China since his 2007 merits hearing. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008) (reviewing the BIA's factual findings on country conditions under substantial evidence standard).

Although reports from the U.S. Commission on International Religious Freedom ("IRFC") note an increase in the harassment of unregistered-church members prior to and during the 2008 Beijing Olympics, and during the 2011 "Jasmine Revolution," they also observe a decrease in the number of arrests and detentions following those surges, and that the Chinese government then *continued* its systematic

3

and intense suppression of unregistered churches. Indeed, the repressive tactics described in the IRFC reports and supplementary post-hearing evidence, including church raids, the arrest and detention of members and leaders, and the confiscation and destruction of property, also were described in the U.S. State Department's 1998 Profile of Asylum Claims and 2000 and 2001 Country Reports, which predate Yang-Jiang's hearing. Substantial evidence therefore supports the BIA's finding that Yang-Jiang did not establish changed conditions for Christians in China. *See id.*

Yang-Jiang asserts that the BIA ignored evidence. However, the BIA is not required to "expressly parse" each piece of evidence, and, as discussed, the record supports the BIA's conclusion. *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-75 (2d Cir. 2006).

Absent a showing of changed conditions in China, the BIA did not abuse its discretion in denying his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3). Because that determination is dispositive, we do not reach Yang-Jiang's argument that the BIA did not apply the correct standard in determining his asylum eligibility.

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk